UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2019 JUL -9 P 3: 28
U.S. DISTRICT COURT
NEW HAVEN, CT.

Grand Jury N-18-2

UNITED STATES OF AMERICA

v.

TOMMY JULIUS, a/k/a "General" and "J,"
CARL MERRITT, a/k/a "C,"
FRANK CARR, a/k/a "FL,"
BRIAN K. BACKMAN, a/k/a "B" and "NYB"
   and "New York B,"
ANDERSON ATKINSON, a/k/a "Barry,"
BRYANT WILLIAMS,
JEFFREY BRAZIER,
ERIC BURRUSS, a/k/a "E,"
CHARLES BUNCH, a/k/a "June,"
MERVIN BRANDY,
JEFFON SUGGS, a/k/a "Neff,"
PRISHONNA TURNER, a/k/a "Nonnie,"
SHARMAINE CROSLEY, a/k/a "Shar,"
JESSENIA ROMAN, a/k/a "Red,"
THEODORE SMITH, a/k/a "Ted,"
WANDA CARTER, a/k/a "WaWa,"
GERARD SENIOR,
SHAVAR BELLAMY, a/k/a "Lil B" and "LB"
   and "Little Black,"
MATTHEW MOORE, a/k/a "Matt,"
SHAUN ARMSTRONG,
JAMAINE JACKSON, a/k/a "Jack,"
MAKENE JACOBS, a/k/a "Mac" and
   "Bridgeport,"
TYRESE STANLEY, a/k/a "Scoot,"
MELVIN ROBERTS, a/k/a "Psycho," and
   "Mel," and
DENA DRAUGHN

CRIMINAL NO. 3:19CR180-RNC

VIOLATIONS:
21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i),
841(b)(1)(B)(iii), 841(b)(1)(C), and 846
(Conspiracy to Distribute and to Possess with
Intent to Distribute Cocaine Base, Cocaine
and Heroin)

21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i),
841(b)(1)(C) and 846 (Conspiracy to
Distribute and to Possess with Intent to
Distribute Heroin)

21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii)
(Possession with Intent to Distribute and
Distribution of 28 Grams or More of Cocaine
Base)

21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i)
(Possession with Intent to Distribute 100
Grams or More of Heroin)

21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)
(Possession with Intent to Distribute and
Distribution of a Controlled Substance)

18 U.S.C. § 924(c)(1) (Possession of a
Firearm in Furtherance of a Drug Trafficking
Offense)

18 U.S.C. §§ 922(g)(1) and 924(a)(2)
(Possession of a Firearm by a Convicted
Felon)

21 U.S.C. § 853, 18 U.S.C. 924(d), and 28
U.S.C. § 2461(c) (Criminal Forfeiture)

INDICTMENT

The Grand Jury charges:

COUNT ONE
(Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine Base, Cocaine and Heroin)

1. From approximately March 2019 through on or about June 3, 2019, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants TOMMY JULIUS, a/k/a "General" and "Jay," CARL MERRITT, a/k/a "C," FRANK CARR, a/k/a "FL," BRIAN K. BACKMAN, a/k/a "B," "NYB" and "New York B," ANDERSON ATKINSON, a/k/a "Barry", BRYANT WILLIAMS, JEFFREY BRAZIER, ERIC BURRUSS, a/k/a "E," CHARLES BUNCH, a/k/a "June," MERVIN BRANDY, JEFFON SUGGS, a/k/a "Neff," PRISHONNA TURNER, a/k/a "Nonnie," SHARMAINE CROSLEY, a/k/a "Shar," JESSENIA ROMAN, a/k/a "Red," THEODORE SMITH, a/k/a "Ted," WANDA CARTER, a/k/a "WaWa," GERARD SENIOR, SHAVAR BELLAMY, a/k/a "Lil B," "LB" and "Little Black," MATTHEW MOORE, a/k/a "Matt," SHAUN ARMSTRONG, and S.G, whose identity is known to the Grand Jury but who is not charged herein as he is deceased, and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that the defendants TOMMY JULIUS, a/k/a "General" and "Jay," FRANK CARR, a/k/a "FL," CARL MERRITT, a/k/a "C," BRIAN K. BACKMAN, a/k/a "B," "NYB" and "New York B," ANDERSON ATKINSON, a/k/a "Barry," BRYANT WILLIAMS, JEFFREY BRAZIER, ERIC BURRUSS, a/k/a "E," CHARLES BUNCH, a/k/a "June," MERVIN BRANDY, JEFFON SUGGS, a/k/a "Neff," PRISHONNA TURNER, a/k/a "Nonnie," SHARMAINE CROSLEY, a/k/a "Shar," JESSENIA ROMAN, a/k/a "Red," THEODORE SMITH, a/k/a "Ted," WANDA CARTER, a/k/a "WaWa," GERARD SENIOR,

SHAVAR BELLAMY, a/k/a "Lil B," "LB" and "Little Black," MATTHEW MOORE, a/k/a "Matt," SHAUN ARMSTRONG and S.G, whose identity is known to the Grand Jury but who is not charged herein as he is deceased, together with others known and unknown to the Grand Jury, would distribute and possess with intent to distribute controlled substances, namely cocaine base ("crack cocaine"), cocaine, and heroin, in violation of Title 21, United States Code, Section 841(a)(1).

Cocaine Base Quantity Allegations

3. Defendants TOMMY JULIUS, FRANK CARR, ERIC BURRUSS, CHARLES BUNCH, JEFFON SUGGS, SHARMAINE CROSLEY and SHAVAR BELLAMY knew from their own conduct as members of the narcotics conspiracy charged in Count One and from the reasonably foreseeable conduct of other members of that conspiracy that the conspiracy involved 28 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(1)(B)(iii).

4. Defendants JEFFREY BRAZIER, MERVIN BRANDY, PRISHONNA TURNER, JESSENIA ROMAN, THEODORE SMITH, WANDA CARTER, GERARD SENIOR, MATTHEW MOORE and SHAUN ARMSTRONG knew from their own conduct as members of the narcotics conspiracy charged in Count One and from the reasonably foreseeable conduct of other members of that conspiracy that the conspiracy involved a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(1)(C).

Cocaine Quantity Allegations

5.      Defendant CARL MERRITT knew from his own conduct as a member of the narcotics conspiracy charged in Count One and from the reasonably foreseeable conduct of other members of that conspiracy that the conspiracy involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(1)(B)(ii).

6.      Defendants TOMMY JULIUS, FRANK CARR, JEFFREY BRAZIER, JEFFON SUGGS and GERARD SENIOR knew from their own conduct as members of the narcotics conspiracy charged in Count One and from the reasonably foreseeable conduct of other members of that conspiracy that the conspiracy involved a mixture and substance containing a detectable quantity of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(1)(C).

Heroin Quantity Allegations

7.      Defendants TOMMY JULIUS, FRANK CARR, BRIAN K. BACKMAN, ANDERSON ATKINSON, BRYANT WILLIAMS, JEFFREY BRAZIER, CHARLES BUNCH, MERVIN BRANDY, JEFFON SUGGS, PRISHONNA TURNER, SHARMAINE CROSLEY, JESSENIA ROMAN, THEODORE SMITH, GERARD SENIOR, MATTHEW MOORE and SHAUN ARMSTRONG knew from their own conduct as members of the narcotics conspiracy charged in Count One and from the reasonably foreseeable conduct of other members of that conspiracy that the conspiracy involved a mixture and substance containing a detectable quantity of heroin, a Schedule I controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
(Conspiracy to Distribute and to Possess with Intent to Distribute Heroin)

8. From approximately May 14, 2019 through on or about June 16, 2019, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants BRIAN K. BACKMAN, a/k/a "B," "NYB" and "New York B," ANDERSON ATKINSON, a/k/a "Barry," JAMAINE JACKSON, a/k/a "Jack," MAKENE JACOBS, a/k/a "Mac" and "Bridgeport," TYRESE STANLEY, a/k/a "Scoot," MELVIN ROBERTS, a/k/a "Psycho" and "Mel," DENA DRAUGHN, and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to violate the narcotics laws of the United States.

9. It was a part and an object of the conspiracy that the defendants BRIAN K. BACKMAN, ANDERSON ATKINSON, JAMAINE JACKSON, MAKENE JACOBS, TYRESE STANLEY, MELVIN ROBERTS and DENA DRAUGHN, together with others known and unknown to the Grand Jury, would distribute and possess with intent to distribute a controlled substance, namely heroin, in violation of Title 21, United States Code, Section 841(a)(1).

### Heroin Quantity Allegations

10. Defendants BRIAN K. BACKMAN, ANDERSON ATKINSON and DENA DRAUGHN knew from their own conduct as members of the narcotics conspiracy charged in Count Two and from the reasonably foreseeable conduct of other members of that conspiracy that the conspiracy involved 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(1)(B)(i).

11. Defendants JAMAINE JACKSON, TYRESE STANLEY, MAKENE JACOBS and MELVIN ROBERTS knew from their own conduct as members of the narcotics conspiracy

charged in Count Two and from the reasonably foreseeable conduct of other members of that conspiracy that the conspiracy involved a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

## COUNT THREE
(Possession with Intent to Distribute Heroin)

12. On or about April 3, 2019, in the District of Connecticut, the defendant TOMMY JULIUS, a/k/a "General" and "J," did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FOUR
(Possession with Intent to Distribute Cocaine Base)

13. On or about April 29, 2019, in the District of Connecticut, the defendant SHARMAINE CROSLEY, a/k/a "Shar," did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance, and a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FIVE
(Possession with Intent to Distribute and Distribution of Cocaine and Cocaine Base)

14. On or about May 1, 2019, in the District of Connecticut, the defendant FRANK CARR, a/k/a "FL," did knowingly and intentionally possess with intent to distribute and did

distribute mixtures and substances containing detectable amounts of cocaine and cocaine base ("crack cocaine"), both Schedule II controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SIX
(Possession with Intent to Distribute and Distribution of Cocaine)

15. On or about May 6, 2019, in the District of Connecticut, the defendant FRANK CARR, a/k/a "FL," did knowingly and intentionally possess with intent to distribute and did distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SEVEN
(Possession with Intent to Distribute and Distribution of 28 Grams or More of Cocaine Base)

16. On or about May 23, 2019, in the District of Connecticut, the defendant FRANK CARR, a/k/a "FL," did knowingly and intentionally possess with intent to distribute and did distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

## COUNT EIGHT
(Possession with Intent to Distribute and Distribution of Heroin)

17. On or about June 3, 2019, in the District of Connecticut, the defendant ANDERSON ATKINSON, a/k/a "Barry," did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

<u>COUNT NINE</u>
(Possession with Intent to Distribute and Distribution of Cocaine Base)

18. On or about June 6, 2019, in the District of Connecticut, the defendant FRANK CARR, a/k/a "FL," did knowingly and intentionally possess with intent to distribute and did distribute a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

<u>COUNT TEN</u>
(Possession with Intent to Distribute and Distribution of Heroin)

19. On or about June 11, 2019, in the District of Connecticut, the defendant ANDERSON ATKINSON, a/k/a "Barry," did knowingly and intentionally possess with intent to distribute and did distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

<u>COUNT ELEVEN</u>
(Possession with Intent to Distribute and Distribution of Heroin)

20. On or about June 11, 2019, in the District of Connecticut, the defendant ANDERSON ATKINSON, a/k/a "Barry," did knowingly and intentionally possess with intent to distribute and did distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

<u>COUNT TWELVE</u>
(Possession with Intent to Distribute and Distribution of Cocaine Base and Heroin)

21. On or about June 12, 2019, in the District of Connecticut, the defendant FRANK CARR, a/k/a "FL," did knowingly and intentionally possess with intent to distribute and did

distribute mixtures and substances containing detectable amounts of cocaine base ("crack cocaine"), a Schedule II controlled substance, and heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT THIRTEEN
(Possession with Intent to Distribute Heroin)

22.   On or about June 16, 2019, in the District of Connecticut, the defendants BRIAN K. BACKMAN, a/k/a "B," "NYB" and "New York B," ANDERSON ATKINSON, a/k/a "Barry," and DENA DRAUGHN did knowingly and intentionally possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(i), and Title 18, United States Code, Section 2.

### COUNT FOURTEEN
(Possessing a Firearm in Furtherance of a Drug Trafficking Offense)

23.   On or about April 12, 2019, in the District of Connecticut, the defendant CARL MERRITT, a/k/a "C," did knowingly possess a firearm, to wit, a Berretta nine millimeter semi-automatic pistol bearing serial number BER639083, in furtherance of drug trafficking crimes for which he can be prosecuted in the United States District Court, that is, conspiracy to possess with intent to distribute a controlled substance and possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

In violation of Title 18, United States Code, Section 924(c)(1)(A).

### COUNT FIFTEEN
(Possession of a Firearm by a Convicted Felon)

24.   On or about April 12, 2019, in the District of Connecticut, the defendant CARL

MERRITT, a/k/a "C," having been, and knowing that he had been, convicted in the Superior Court of the State of Connecticut of crimes punishable by a term of imprisonment exceeding one year, that are: (1) Assault in the Second Degree in violation of Conn. Gen. Stat. § 53a-60 on or about July 17, 2007; (2) Risk of Injury in violation of Conn. Gen. Stat. § 53-21(a)(1) on or about December 12, 2002; and (3) Assault in the Second Degree, in violation of Conn. Gen. Stat. §53a-60, Robbery in the Second Degree in violation of Conn. Gen. Stat. § 53a-135 and Assault in the First Degree, in violation of Conn. Gen. Stat. § 53a-59, all on or about August 15, 1997, did knowingly possess a firearm in and affecting commerce, namely, a Berretta, nine millimeter, semi-automatic pistol bearing serial number BER639083, which had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## FORFEITURE ALLEGATION
(Controlled Substances Offenses)

25. Upon conviction of one or more of the controlled substance offenses alleged in Counts One through Thirteen of this Indictment, the defendants TOMMY JULIUS, a/k/a "General" and "Jay," FRANK CARR, a/k/a "FL," CARL MERRITT, a/k/a "C," BRIAN K. BACKMAN, a/k/a "B," "NYB" and "New York B," ANDERSON ATKINSON, a/k/a "Barry," BRYANT WILLIAMS, JEFFREY BRAZIER, ERIC BURRUSS, a/k/a "E," CHARLES BUNCH, a/k/a "June," MERVIN BRANDY, JEFFON SUGGS, a/k/a "Neff," PRISHONNA TURNER, a/k/a "Nonnie," SHARMAINE CROSLEY, a/k/a "Shar," JESSENIA ROMAN, a/k/a "Red," THEODORE SMITH, a/k/a "Ted," WANDA CARTER, a/k/a "WaWa," GERARD SENIOR, SHAVAR BELLAMY, a/k/a "Little Black" and "LB," MATTHEW MOORE, a/k/a "Matt," SHAUN ARMSTRONG, JAMAINE JACKSON, a/k/a "Jack," MAKENE JACOBS, a/k/a "Mac"

10

and "Bridgeport," TYRESE STANLEY, a/k/a "Scoot," MELVIN ROBERTS, a/k/a "Psycho" and "Mel," and DENA DRAUGHN shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Sections 841 and 846, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these violations and a sum of money equal to the total amount of proceeds obtained as a result of the offenses, including, without limitation, the following:

    a.     $73,343 in U.S. Currency that was seized from CARL MERRITT on or about April 12, 2019;

    b.     one 2018 Blue Nissan Maxima (VIN 1N4AA6AP8JC378203) bearing CT Registration AT-15236; and

    c.     $343 in U.S. currency seized from ANDERSON ATKINSON on or about June 16, 2019.

26.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property that cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

All in accordance with Title 21, United States Code, Section 853, and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

## FORFEITURE ALLEGATION
(Firearms Offenses)

27. Upon conviction of either of the offenses alleged in Counts Fourteen and Fifteen of this Indictment, the defendant CARL MERRITT, a/k/a "C," shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of the offense, including, but not limited to, the following: a Berretta nine millimeter semi-automatic pistol bearing serial number BER639083, and ammunition seized on April 12, 2019 in New Haven, Connecticut.

All in accordance with Title 18, United States Code, Section 924(d), Title 26, United States Code, Section 5872, Title 28, United States Code, Section 2461(c), Title 21, United States Code, Section 853, and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

## SECTION 851 INFORMATION

28. Pursuant to Title 21, United States Code, Sections 841(b)(1)(A), (b)(1)(B), (b)(1)(C) and 851, upon conviction of one or more of the offenses charged in Counts One, Five, Six, Seven, Nine and Twelve of this Indictment, the defendant FRANK CARR is subject to enhanced penalties as he has been previously convicted of a serious drug felony, as defined by Title 21, United States Code, Section 802(57) as set forth more specifically in paragraph 29 below.

29. On or about January 3, 2013, the defendant FRANK CARR was convicted in the United States District Court for the District of Connecticut, Docket No. 3:12CR53 (AWT), of Possession with Intent to Distribute and Distribution of Heroin, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C), which at the time was punishable by up to 20 years of imprisonment and for which the defendant was sentenced to a term of 63 months of imprisonment and a five-year term of supervised release. On or about November 16, 2015, after

having served more than 12 months of that sentence, the defendant FRANK CARR was released from this term of imprisonment.

All in accordance with Title 21, United States Code, Sections 802(57), 841(b)(1)(A), (b)(1)(B), (b)(1)(C) and 851.

A TRUE BILL

/s/
_____
FOREPERSON

UNITED STATES OF AMERICA

_____
LEONARD C. BOYLE
FIRST ASSISTANT UNITED STATES ATTORNEY

_____
ANTHONY E. KAPLAN
ASSISTANT UNITED STATES ATTORNEY

_____
PETER D. MARKLE
ASSISTANT UNITED STATES ATTORNEY

_____
ELENA L. CORONADO
ASSISTANT UNITED STATES ATTORNEY