UNITED STATES DISTRICT COURT

DISTRICT OF CONN.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:19CR180 (RNC) |
| vs | | |
| FRANK CARR, A/K/A "FL" | : | MARCH 19, 2020 |

### MOTION FOR PERMISSION TO OBTAIN CS-3'S CRIMINAL RECORD AND ALL NOTES TAKEN DURING INTERVIEW PROCESS WITH CS-3

The Defendant, through counsel, hereby moves the Court to permit access to CS'3's statements given to authorities in this case. In Goldberg v. United States, 429 U.S. 94 (1976), the Court held that a prosecutor's notes taken during a witness interview may well be statements under the Jencks Act. See, United States vs Ogbuehi, 18 F. 3d 807, 810-811 (9th Cir. 1994); United States v. Harris, 543 F. 2d 1247(9th Cir. 1976); Giglio v . United States, 405 U.S. 160 (1972). The defense believes that this information is "favorable" to the defense.

The Defendant also believes that CS-3 was not only involved in criminal activity, but was the actual perpetrator of these crimes. See, Kyles v. Whitley, 115 C. Ct. 1555 (1995). Under these circumstances, the Defense, through counsel, humbly requests that the Court order the Government to turn over all notes taken by the Government pertaining to CS-3's involvement in this investigation, and further CS-3's entire criminal record. The Defense believes that Brady requires said immediate disclosure.

THE DEFENDANT, Frank Carr,

By _____JP Cannatelli_____
Frank P. Cannatelli
04394
8 Research Parkway
Wallingford, Conn.
06492
Phone: (203) 949-1650
Fax: (203) 949-1660
Email: Cannatellilaw@ol.com

1.

CERTIFICATION

I, Frank P. Cannatelli, hereby certify that a copy of this motion has been served on the US Attorney, Anthony Kaplan, by means of the Court filing system on this date, March 19th, 2020. Further said motion can be mailed to any party or pro-se party who does not have access to the Court's electronic filing system.

                                                                                            _____
                                                                                            Frank P. Cannatelli

2.