UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 3:19CR180(RNC) |
| vs | : | |
| FRANK CARR | : | JUNE 4, 2020 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECONSIDER

### FACTS

Mr. Carr filed his renewed motion for temporary release from custody on May 7th, 2020, whereby the Government objected on May 8th, 2020. Despite replies being filed, the Court denied Defendant's motion on May 28th, 2020. See, Ex. A. Mr. Carr now files this motion to reconsider within seven days. Mr. Carr believes the Court did not consider one point made in his medical records and therefore believes that this overlooked portion of the records may be instrumental in tilting the scales in favor of his release from custody.

### LAW

In his ruling, the Honorable Judge Robert Chatigny states: "To establish a compelling reason justifying his release, despite the risk that he would revert to criminal activity, the defendant must demonstrate that he faces a likelihood of irreparable harm is(if) he is not released. He has not made that showing". See, Ex. A.

In his renewed motion for an emergency order, Carr filed exhibit C under seal. In that motion, see Ex. C filed under seal, Doctor Blanchette says:

> The patient is not in CHF and is clinically stable at this time. Clearly Mr. Carr requires episodic cardiology evaluation. I would greatly appreciate your expertise at this time. See Ex. C for whole report filed under seal.

In our prior motion, on page 2, we point out: "Further, there is evidence that the facility, in light of

-1-

covid-19, simply is unable to properly monitor Mr. Carr's heart condition. So, despite there being a severe risk of contracting Covid while incarcerated, there is still the issue of proper medical care for Mr. Carr's heart condition. The doctor states he is in need of expisodic care. The doctor then seems to inquire about how to treat Mr. Carr. The Court ruling does not discuss the fact that the facility is unable to perform the episodic care needed to treat Mr. Carr.

Lastly, Mr. Carr has been inquiring about needed care to no avail. See, Ex. B. Included here are many of the requests made by Mr. Carr. The Facility has not been able to properly care for Mr. Carr's cardiac condition. This, together with the Covid-19 situation, shows a compelling reason for Mr. Carr's release. If placed on home confinement, he can get the monitoring needed to properly address his cardiac concerns. Again, he is in need of episodic care. He simply cannot get that care while incarcerated. The doctor states that. See, Ex. A, B, and C(Filed under seal earlier).

CONCLUSION

In light of Mr. Carr's current medical conditions, the Court and the United States Government admit that Mr. Carr is at risk for contracting Covid. What we believe the Court and Government missed is the fact that Mr. Carr is not getting the proper medical treatment for his heart. This element of a lack of proper medical attention for a specific condition should therefore meet the compelling reason not addressed by the Court or the Government.

For these reasons, the Defendant, through counsel, humbly requests that the Court reconsider his prior ruling and grant Mr. Carr's renewed motion to release for the reasons stated.

THE DEFENDANT, FRANK CARR

By  *FP Cannatelli*
Frank P. Cannatelli
8 Research Parkway
Wallingford, Connecticut 06492
Phone: (203) 949-1650
Fax: (203) 949-1660
Fed. Bar # ct. 04394
Email: Cannatellilaw@aol.com

-2-

## CERTIFICATION OF SERVICE

I, Frank Cannatelli, hereby certify that on June 4, 2020, I filed a copy of this motion by efiling the same and served it by mail on anyone unable to accept efiling. Notice of this filing will be sent to all parties by operation of the Court's electronic system or by mail to anyone unable to accept efiling as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

                                                    Frank P. Cannatelli