UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 3:19CR180 (RNC) |
| | : | |
| v. | : | |
| | : | |
| FRANK CARR | : | October 5, 2020 |

**SUPERSEDING SECOND OFFENDER INFORMATION
PURSUANT TO 21 U.S.C. § 851**

The United States of America hereby files this Revised Second Offender Information pursuant to 21 U.S.C. § 851 and states as follows:

1. In Count One of the Third Superseding Indictment, the defendant FRANK CARR is charged with conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B)(ii). In Counts Four and Five of the Third Superseding Indictment, defendant FRANK CARR is charged with possession with intent to distribute and distribution of 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

2. The penalty provision for a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii) and (iii), as charged in Counts One, Four, and Five of the Third Superseding Indictment, authorizes a sentence of "a term of imprisonment which may not be less than 5 years and not more than 40 years . . ." along with a fine not to exceed $5,000,000 and a term of supervised release of at least 4 years. 21 U.S.C. § 841(b)(1)(B). However,

> [i]f any person commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment . . . , a fine not to exceed . . . $8,000,000 . . . [and] a term of supervised release of at least 8 years . . . .

*Id.*

3.     In addition, FRANK CARR is charged in the Third Superseding Indictment in Count Two with possession with intent to distribute and distribution of cocaine and cocaine base, in Count Three with possession with intent to distribute and distribution of cocaine, and in Count Six with possession with intent to distribute and distribution of cocaine base and Fentanyl, each alleged to be in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

4.     The penalty provision for a violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C), as charged in Counts One, Two, Three and, Six of the Third Superseding Indictment, authorizes a sentence of "a term of imprisonment of not more than 20 years . . ." along with a fine not to exceed $1,000,000 and a term of supervised release of at least 3 years. 21 U.S.C. § 841(b)(1)(C). However,

> [i]f any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years . . . , a fine not to exceed . . . $2,000,000 . . . [and] a term of supervised release of at least 6 years . . . .

*Id.*

5.     Pursuant to 21 U.S.C. § 851, prior to trial or the entry of a guilty plea, the United States is required to provide notice of the government's intent to rely on a prior conviction that subjects the defendant to the enhanced sentencing provisions of 21 U.S.C. § 841(b)(1)(B) and (C).

6.     To that end, defendant FRANK CARR has been convicted on a prior occasion of a serious drug felony as defined in 21 U.S.C. § 802(57) and/or a serious violent felony as defined in 21 U.S.C. § 802(58), upon which the United States intends to rely as follows:

a. On or about January 3, 2013, a date proceeding the commission of the offense charged in Count One, Count Two, Count Three, Count Four, Count Five and Count Six of the Third Superseding Indictment, the defendant was convicted of a serious drug felony as defined in Title 21, United States Code, Section 802(57), that is, possession with intent to distribute and distribution of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), in the United States District Court for the District of Connecticut, Docket No. 3:12CR00053 (AWT), for which he served more than 12 months' imprisonment and for which he was released from serving a term of imprisonment related to that offense within 15 years of the commencement of the offense charged in Count One, Count Two, Count Three, Count Four, Count Five, and Count Six of the Third Superseding Indictment.

b. On or about January 24, 1997, a date proceeding the commission of the offense charged in Count One, Count Two, Count Three, Count Four, Count Five, and Count Six of the Third Superseding Indictment, the defendant was convicted of a serious violent felony as defined in Title 21, United States Code, Section 802(58), that is, Manslaughter in the First Degree With a Firearm, in violation of Conn. Gen. Stat. § 53a-55a, in the Connecticut Superior Court, N06N-CR95-424030-T, for which he served more than 12 months' imprisonment.

c. On or about October 21, 1983, a date proceeding the commission of the offense charged in Count One, Count Two, Count Three, Count Four, Count Five, and Count Six of the Third Superseding Indictment, the defendant was convicted of a serious violent felony as defined in Title 21, United States Code, Section 802(58), that is, Robbery in the First Degree, in violation of Conn. Gen. Stat. § 53a-134, in the

Connecticut Superior Court, N06N-CR83-22060-S, for which he served more than 12 months' imprisonment.

WHEREFORE, the United States now gives notice under 21 U.S.C. § 851 that because the defendant FRANK CARR has a prior conviction for a serious drug felony set forth above in paragraph 6(a), and because the defendant was convicted of the foregoing serious drug felony for which he received more than 12 months' imprisonment and for which he was released within 15 years of the commencement of the offenses charged in Count One, Count Four, and/or Count Five of the Third Superseding Indictment prior to the commission of the offenses charged in those counts, and/or because the defendant has prior convictions for a serious violent felony set forth above in paragraphs 6(b) and 6(c), for which he received more than 12 months' imprisonment, the United States submits that should the defendant be convicted on one or more of those counts, he would face a term of imprisonment of a mandatory minimum of 10 years of imprisonment to a maximum of life imprisonment, a fine up to $8,000,000, and a period of supervised release of at least eight years and up to life.

WHEREFORE, the United States further gives notice under 21 U.S.C. § 851 that the defendant FRANK CARR has a prior conviction for a serious drug felony set forth above in paragraph 6(a), and because the defendant was convicted of the foregoing serious drug felony for which he received more than 12 months' imprisonment and for which he was released within 15 years of the commencement of the offenses charged in Count Two, Count Three, and/or Count Six of the Third Superseding Indictment prior to the commission of the offenses charged in those counts, the United States submits that should the defendant be convicted on one or more of those counts, he would face a maximum 30-year term of imprisonment, a fine up to $2,000,000, and a

period of supervised release of at least six years and up to life.

    Respectfully submitted,

    JOHN H. DURHAM
    UNITED STATES ATTORNEY

    /s/

    ANTHONY E. KAPLAN
    ASSISTANT UNITED STATES ATTORNEY
    Federal Bar No. ct08083
    Anthony.kaplan@usdoj.gov

    PETER D. MARKLE
    ASSISTANT UNITED STATES ATTORNEY
    Federal Bar No. ct05098
    Peter.markle@usdoj.gov

    TARA E. LEVENS
    ASSISTANT UNITED STATES ATTORNEY
    Federal Bar No. phv09900
    Tara.Levens@usdoj.gov
    157 Church Street
    New Haven, CT 06510
    (203) 821-3700

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 5, 2020, the foregoing Second Offender Information was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                                          _____/S/_____
                                          ANTHONY E. KAPLAN
                                          ASSISTANT UNITED STATES ATTORNEY