UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------x
                                                                        :

**UNITED STATES OF AMERICA**      :      Crim. No. 3:19CR180(RNC)

                                                                         :

**v.**      :

                                                                         :

**FRANK CARR**      :      OCTOBER 28, 2020

                                                                         :
------------------------------------------------------x

## **FINDINGS AND RECOMMENDATION ON A PLEA OF GUILTY**

The captioned matter was referred to the undersigned by United States District Judge Robert N. Chatigny, and a hearing was conducted on October 28, 2020, in open court via video conference and on the record, with the written consent of the defendant, counsel for the defendant and counsel for the United States, regarding the defendant's request to plead guilty to Count Four of the Third Superseding Indictment charging him with possession with the intent to distribute, and distribution of, 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). Based upon the answers given by the defendant under oath and in the presence of counsel; the remarks of defense counsel and counsel for the government; and the written representations in the plea agreement and the plea petition; I find the following:

- that the defendant is competent to plead;

- that he understands the charges against him;

- that he knows he has the right to be represented by counsel at trial and at every other stage of the proceeding, and is satisfied with his current counsel;

1

- that he understands his right to trial, including the right to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

- that he knows the maximum possible sentence including the maximum possible terms of imprisonment and supervised release, the mandatory minimum terms of imprisonment and supervised release, and the maximum potential fine that could be imposed;

- that he knows that the Court is obligated to consider the advisory sentencing guidelines range, possible departures under the sentencing guidelines, and other sentencing factors under applicable sentencing law, and that any factual disputes at sentencing will be resolved by the Court by a preponderance of the evidence;

- that he understands the potential immigration consequences and the other collateral consequences of a felony conviction;

- that he understands the restitution agreement into which he has entered;

- that he knows he will not be permitted to withdraw his plea of guilty if the sentence imposed is other than he anticipates;

- that he understands his right to appeal;

- that there is a factual basis for the defendant's plea, including the information set forth in the stipulation of offense conduct; and

- that the defendant's waiver of rights and plea of guilty have been knowingly and voluntarily made and not coerced.

The Court also finds that, to the extent that the requirements of 18 U.S.C. § 3771 apply in this matter, the government has met its obligations under that provision.

The Court conducted this hearing by video conference, pursuant to section 15002 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), P.L. 116-136, 134 Stat. 281 (Mar. 27, 2020). The Court finds that proceeding by video is appropriate as to the felony change of plea hearing, pursuant to Section 15002(b)(2)(A). Specifically, the Court finds:

1. The Chief Judge of this Court has made findings that "felony pleas under Rule 11 of the Federal Rules of Criminal Procedure . . . cannot be conducted in person without seriously jeopardizing public health and safety."

2. The plea in this case cannot be further delayed without serious harm to the interests of justice, for the reasons set forth in more detail on the record in open court today and on the docket prior to today's hearing.

3. The defendant consented to proceed by video, after consultation with counsel.

Accordingly, I hereby RECOMMEND that the defendant's plea of guilty be accepted.

Dated this 28th day of October, 2020, at New Haven, Connecticut.

/s/ *Robert M. Spector*
**Robert M. Spector**
**United States Magistrate Judge**