

U.S. Department of Justice

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*     *(203)821-3700*
*157 Church Street, 25th Floor*     *Fax (203) 773-5376*
*New Haven, Connecticut 06510*     *www.justice.gov/usao/ct*

October 28, 2020

Frank P. Cannatelli, Esq.
Law Office of Frank P. Cannatelli
8 Research Parkway
Wallingford, CT  06492

      Re:    United States v. Frank Carr
                 Case No. 3:19CR180 (RNC)

Dear Mr. Cannatelli:

      This letter confirms the plea agreement between your client, Frank Carr (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

## **THE PLEA AND OFFENSE**

      In consideration for the benefits offered under this agreement, Frank Carr agrees to plead guilty to Count Four of the Third Superseding Indictment charging him with a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B),

      The defendant understands that, to be guilty of this offense, the following essential elements must be satisfied:

1. On or about May 23, 2019, the defendant possessed a controlled substance, *i.e.*, cocaine base/crack cocaine;

2. The defendant knew the substance he possessed was cocaine base/crack cocaine;

3. The defendant intended to distribute, and did distribute, cocaine base/crack cocaine; and

4. The quantity of cocaine base/crack cocaine he possessed was 28 grams or more.

Frank P. Cannatelli, Esq.
October 28, 2020
Page 2

## THE PENALTIES

### Imprisonment

On or about October 5, 2020, a Superseding Information pursuant to 21 U.S.C. § 851 was been filed in this case (Doc. 1441). As set forth below, the defendant is waiving any challenge to contest the § 851 Information. As a result, the defendant will be subject to a maximum penalty of lifetime imprisonment and a minimum penalty of 10 years of imprisonment.

### Supervised Release

In addition, the Court must impose a term of supervised release of at least eight years and as much as life to begin after any term of imprisonment. 21 U.S.C. § 841(b)(1).

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to three years per violation pursuant to 18 U.S.C. § 3583 and 21 U.S.C. § 841(b)(1).

### Fine

The offense charged in Count Four carries a maximum fine of $8,000,000. The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $250,000; or (4) the amount specified in the section defining the offense which is $8,000,000.

### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment on or before the date of sentencing unless he establishes an inability to pay on or before the date of sentencing through the financial disclosure to the U.S. Probation Office as part of the presentence investigation and report, in which case the defendant agrees to pay it as soon as practicable.

### Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties

*Frank P. Cannatelli, Esq.*
*October 28, 2020*
*Page 3*

and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (*i*) and § 3612(g).

Forfeiture

Pursuant to 21 U.S.C. § 853(a) and 18 U.S.C. § 924(d), the defendant agrees to forfeit to the United States his interest in the following property as charged in the Superseding Indictment: $2,480 in United States currency seized on or about July 12, 2019 from 687 Pine Rock Avenue, Hamden, CT.

The defendant acknowledges that the property described above is forfeitable as property that represents the proceeds of, or was used to facilitate the commission of, the narcotics violations charged in the Third Superseding Indictment**.** The defendant agrees to waive all interests in this asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of an order of forfeiture for the forfeitable asset and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The defendant acknowledges that he understands that the forfeiture of asset is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above listed asset covered by this agreement.  The defendant further agrees to waive all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with this plea agreement on any grounds.  The defendant also understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

**SUPERVISED RELEASE VIOLATION**

Carr understands that his plea of guilty would constitute a violation of Mandatory Condition One of the terms and conditions of his supervised release in case number 3:12CR53 (AWT), and he agrees that he will admit to that violation.  He further understands that he could be sentenced to an additional term of up to two years' incarceration for that violation which may be imposed to run consecutively or concurrently to the sentence imposed in the instant case.

*Frank P. Cannatelli, Esq.*
*October 28, 2020*
*Page 4*

# THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Government's Calculation

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

With respect to Count Four of the Third Superseding Indictment, the Government believes that because the defendant meets the criteria of U.S.S.G. § 4B1.1(a), given his prior convictions for Manslaughter in the First Degree (No. N06N-CR95-424030), and Possession with Intent to Distribute Heroin (No. 3:12CR00053 (AWT)), and since the maximum term of imprisonment he faces for the instant offense is life, Carr's base offense level under U.S.S.G. § 4B1.1(b)(1) is 37. Pursuant to U.S.S.G. § 4B1.1(b), the defendant would fall within Criminal History Category VI. A total offense level 37, assuming a Criminal History Category VI, would result in a range of 360 months to lifetime imprisonment (sentencing table) and a fine range of $40,000 to $400,000, U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of eight years to life. U.S.S.G. § 5D1.2.

The defendant reserves his right to challenge a determination that his prior convictions place him within the career offender guideline (U.S.S.G. § 4B1.1).

The parties also reserve their rights to argue for and against departures and a non-guideline sentence.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

**WAIVER OF RIGHTS**

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

Waiver of Challenge to Prior Convictions involving 21 U.S.C. § 851

The defendant understands that, pursuant to 21 U.S.C. § 851, the Court will inquire of him before imposing sentence, but after his guilty plea, whether he affirms or denies that he has been previously convicted of felony offenses as alleged in the information filed pursuant to § 851. The defendant further understands that, as provided by that statute, he could deny any allegation of the information or claim that any conviction alleged is invalid, and the Court would conduct a hearing. The defendant further acknowledges, and does not challenge, his prior convictions for ~~Manslaughter in the First Degree with a Firearm (No. FBT-CR06-0215843-T)~~ and Possession with Intent to Distribute Heroin (No. 3:12CR00053 (AWT).)

*FC
10.27.2020*

*Frank P. Cannatelli, Esq.*
*October 28, 2020*
*Page 6*

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims he might raise, the defendant waives his right to challenge his conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Right to Appeal

The parties reserve their respective rights to appeal the Court's sentence as are permitted by law.

### Waiver of Challenge to Plea Based on Immigration Consequences

The defendant understands that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, non-citizens are subject to removal for a broad range of crimes, including the offense to which the defendant is pleading guilty. Likewise, if the defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization and removal. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

The defendant understands that he is bound by his guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on those consequences, and agrees not to seek to

*Frank P. Cannatelli, Esq.*
*October 28, 2020*
*Page 7*

withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction or sentence, based on the immigration consequences of his guilty plea, conviction or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

**ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA**

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty.  The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law.  The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney.  The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement.  The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

**SCOPE OF THE AGREEMENT**

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority.  The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved.  Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

**COLLATERAL CONSEQUENCES**

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and may thereby be deprived of certain federal benefits as provided in 21 U.S.C. § 862 and]will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future.  The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will

*Frank P. Cannatelli, Esq.*
*October 28, 2020*
*Page 8*

collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

**SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH**

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the conspiracy and possession with intent to distribute controlled substances, the distribution of controlled substances, and the attempted obstruction of justice, which forms the basis of the Counts One through Seven of the Third Superseding Indictment in this case. After sentencing, the Government will move to dismiss counts One, Two, Three, Five, Six and Seven of the Third Superseding Indictment, as well as the earlier returned indictments in this case as relates to the defendant.

The Government reserves the right to argues that the conduct charged in those counts constitutes relevant conduct for the purposes of sentencing pursuant to U.S.S.G. . § 1B1.3.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his guilty plea.

**NO OTHER PROMISES**

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

*Frank P. Cannatelli, Esq.*
*October 28, 2020*
*Page 9*

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

JOHN H. DURHAM
UNITED STATES ATTORNEY

_____
ANTHONY E. KAPLAN
PETER D. MARKLE
TARA E. LEVENS
ASSISTANT UNITED STATES ATTORNEYS

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____   10-27-2020
FRANK CARR                Date
The Defendant

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____   10/28/2020
FRANK P. CANNATELLI, ESQ.  Date
Attorney for the Defendant

*Frank P. Cannatelli, Esq.*
*October 28, 2020*
*Page 10*

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to Count Four of the Third Superseding Information:

On or about May 23, 2019, Carr knowingly, intentionally and voluntarily sold a cooperating witness 78.2 grams (net weight) of a mixture and substance containing a detectable amount of cocaine base/crack cocaine.

This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.


_____ 10.27.2020
FRANK CARR
The Defendant

_____
ANTHONY E. KAPLAN
ASSISTANT UNITED STATES ATTORNEY


_____ 10/28/2020
FRANK P. CANNATELLI, ESQ.
Attorney for the Defendant