UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | JUDGMENT |
|---|---|
| V. | CASE NO. 3:19-cr-00180-RNC-3 |
| FRANK CARR | |
| | USM: 12454-014 |

Government's Counsel:
Anthony E. Kaplan
U.S. Attorney's Office
157 Church St., 25th Floor
New Haven, CT 06510

Defendant's Counsel:
Frank P. Cannatelli
Law Office of Frank P. Cannatelli
8 Research Parkway
Wallingford, CT 06492

The defendant pleaded guilty to Count Four of the Third Superseding Indictment. Accordingly, the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) | Possession with Intent to Distribute and Distribution of 28 Grams or More of Cocaine Base | May 23, 2019 | Four |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.

# IMPRISONMENT

The defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 120 months.

# RECOMMENDATIONS TO THE BUREAU OF PRISONS

As discussed in the Presentence Report, the defendant has been diagnosed with aortic stenosis, a condition that requires open heart surgery with aortic valve replacement. The Court recommends that the BOP take all necessary steps to ensure that the defendant receives this surgery as soon as possible, and that he be designated to a medical facility for post-operative care and rehabilitation. In addition, the Court recommends that the defendant be given an opportunity to participate in the RDAP program.

# SUPERVISED RELEASE

The defendant will be on supervised release for a term of eight years subject to the mandatory and standard conditions of supervised release set forth below. In addition, the following special conditions are imposed:

1. The defendant will participate in a program of mental health evaluation, counseling and treatment recommended by the Probation Office and approved by the Court. The defendant will pay all or part of the costs of this treatment based on his ability to pay as recommended by the Probation Office and approved by the Court.

2. The defendant will participate in a program of substance abuse monitoring, counseling and treatment under the direction of the Probation Office. The defendant must follow the rules and regulations of the program. The Probation Office will supervise the defendant's participation in the program. The defendant will pay all or part of the costs of this treatment based on his ability to pay in an amount recommended by the Probation Office and approved by the Court.

3. The defendant will submit his person, residence, workplace and vehicle to a search, conducted by or on behalf of the Probation Office at a reasonable time and in a reasonable manner, based on reasonable suspicion the search will disclose evidence of a violation of a condition of his supervised release.

4. The defendant will not possess a firearm or other dangerous weapon.

**FORFEITURE**

The defendant shall forfeit all his right, title, and interest in the following: (1) $2,480 in United States currency, seized from 687 Pine Rock Avenue, Hamden, CT; and (2) 40 rounds of .380 ammunition seized from 60 Connelly Parkway, Hamden, CT.

**MONETARY PENALTIES**

The defendant will pay a special assessment of $100.

The defendant will notify the United States Attorney for this District within 30 days of any change of name, residence or mailing address until the special assessment imposed by this judgment is paid.

**DISMISSAL OF COUNTS**

All counts in the Indictment, Superseding Indictment, and Second Superseding Indictment, and counts 1, 2, 3, 5, 6 and 7 of the Third Superseding Indictment are dismissed.

**December 14, 2020**
Date of Imposition of Sentence


**/s/ Robert N. Chatigny**
Robert N. Chatigny, United States District Judge
Date: December 15, 2020

## CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

### MANDATORY CONDITIONS

(1) You must not commit another federal, state or local crime.

(2) You must not unlawfully possess a controlled substance.

(3) You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

(4) ■ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

(5) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

(6) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

(7) ☐ You must make restitution in accordance with 18 U.S.C.§§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable*

### STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1)　You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

(2)　After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

(3)　You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

(4)　You must answer truthfully the questions asked by your probation officer.

(5)　You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(6)　You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

(7)　You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so.  If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(8)　You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

(9)　If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

(10)　You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

Case 3:19-cr-00180-RNC   Document 1595   Filed 12/15/20   Page 4 of 4

Page **4** of **4**

(11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
(12) You must follow the instructions of the probation officer related to the conditions of supervision.

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
         Defendant                                    Date

         _____     _____
         U.S. Probation Officer/Designated Witness    Date


**CERTIFIED AS A TRUE COPY ON THIS DATE:** _____

By: _____
    Deputy Clerk


**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____, with a certified copy of this judgment.

                                                    _____
                                                                Lawrence Bobnick
                                                         Acting United States Marshal

                                        By          _____
                                                                Deputy Marshal