UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **United States of America** | : | Crim. No. 3:19-CR-180-RNC |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **FRANK CARR** | : | |
| **Defendant** | : | September 15, 2022 |

## REPLY MEMORANDUM IN SUPPORT OF RELEASE

The Defendant, FRANK CARR, through his counsel replies to the Government's August 30, 2022, Opposition To Defendant's Renewed Motion For Reduction Of In Sentence, with the following:[1]

**Update on Mr. Carr's Heart Surgery**

Mr. Carr did visit with a radiologist one week ago. At that visit, imaging was performed on Mr. Carr's heart. The Government's filing posed that it was possible but could not be determined whether Mr. Carr's September 8 appointment would involve the performing of surgery. The Government's filing noted that it had been suggested Mr. Carr's surgery be scheduled for the same day as the scan. Id. In fact, no surgery was performed. As noted in even the Government's filing, Duke personnel on July 28, 2022, determined that Mr. Carr's condition "warrant[s] surgical intervention." Gov't Oppo. At 2. It is discouraging that it took more than a year and a half for this determination to be made after it was abundantly clear at Mr. Carr's December 2020 sentencing and in this Court's

---

[1] This filing does not seek to repeat the factual assertions and legal arguments set forth in the numerous prior filings on Mr. Carr's release request, much of which apply as much or more now as they did at the time of filing.

recommendations to the Bureau of Prisons. Mr. Carr reports to counsel that more than six weeks after that July appointment no surgery has occurred, and he is unaware of whether one is or will be scheduled.

**Mr. Carr's Other Medical Issues**

Mr. Carr also reports his other medical issues have worsened. He has experienced breathing issues at the Butner facility and made requests for medical attention. He reports significant reconstructive work at Butner, reportedly due to black mold. He is aware that he has two appointments scheduled for his kidney issues, which had been noted in previously filings and were due to Mr. Carr not receiving his kidney medication for an extended period. Mr. Carr's latest report is that he was at sick call as recently as this morning for these issues.

**Butner's Continued Dawdling Inspires No Confidence**

At the time of writing, it has been almost exactly two years since Mr. Carr first filed a motion for emergency release due to his dire need for heart surgery (Doc. 1403), and since this Court denied that motion based on the Government's response which argued the motion was moot because the Defendant's medical care was being handled by Wyatt and the marshals. (Doc. 1405, 1408). It has been 639 days since this Court's recommendation to the Bureau of Prisons that Mr. Carr receive surgery "as soon as possible." Doc. 1595. It has been 582 days since Mr. Carr's first motion for compassionate release on this basis, 474 days since he experienced a heart attack at Butner (Doc. 1810), and 400 days since this Court denied that motion in part based on the conclusion Mr. Carr

had not consented to surgery at Duke Medical (Doc. 1846). It has been 397 days since Mr. Carr filed an unambiguous medical request stating he was ready and wished to have the surgery at Duke Medical, and 395 days since that request was forwarded to his medical providers. Doc. 2162. It has been 223 days since Mr. Carr finally met with a prison physician about that request, 196 days since he filed this renewed motion for compassionate release, and 190 days since the Government responded by arguing "whatever the reason for delay, prison medical personnel are now moving ahead with Mr. Carr's treatment", and that the personnel "are proceeding towards his desired surgery". Doc. 2168, p. 6-7.

In all that time, *no surgery has occurred*. There is no further claim Mr. Carr has delayed in his surgery since his unambiguous request more than one year ago, but it still has not occurred. The Bureau of Prisons and Butner cannot be trusted to perform Mr. Carr's surgery. They show no urgency, no action, until these periodic motions and update pleadings spur them – that is not a recipe for safe medical care of Mr. Carr. Butner has had opportunity after opportunity to show this Court they can proactively fulfill Mr. Carr's need for surgery without this Court's intervention, but it has not made that showing. All evidence supports the conclusion it will not.

**Conclusion**

Therefore, the Defendant respectfully asks this Court to find he has met the requirements for reduction in sentence, and grant his motion, releasing him to receive his surgery and serve any additional time under any conditions ordered by this Court (home

- 4 -

confinement, etc.).

        **THE DEFENDANT,**
        **FRANK CARR**

    BY   /s/
        TRENT A. LaLIMA
        Federal Bar No. ct 29520
        SANTOS & LaLIMA, P.C.
        50 Russ Street
        Hartford, CT 06106
        Tel. (860) 249-6548
        Fax (860) 724-5533

- 5 -

**CERTIFICATION**

 I hereby certify that on the above date a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/_____
Trent A. LaLima