```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,         :
                                  :
     Plaintiff,                   :
                                  :
v.                                :   Case No. 3:19-cr-180 (RNC)
                                  :
FRANK CARR,                       :
                                  :
     Defendant.                   :
```

RULING AND ORDER

Frank Carr has filed a second motion for reduction of his sentence.  For reasons set forth below, the motion is denied without prejudice.

Mr. Carr is serving a total effective sentence of 126 months, imposed on December 15, 2020, for possession with intent to distribute and distribution of more than 28 grams of crack cocaine (for his serious criminal conduct, which involved sales of more than 100 grams of crack, among other things, he received a mandatory minimum sentence of 120 months; in addition, he received a consecutive 6-month sentence because he committed the drug offense while on federal supervised release following prior federal convictions for drug trafficking and unlawful possession of a firearm).  To date, Mr. Carr has served a total of 66 months (including pretrial detention); his anticipated release date is 29 months from today.

1

Under 18 U.S.C. § 3582(c)(1)(A), a court is authorized to reduce a sentence of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons" warrant the reduction. See <u>United States v. Brooker</u>, 976 F. 3d 228, 237 (2d Cir. 2020).

In support of his renewed motion, Mr. Carr relies on the following: he has served more than half his sentence; while he has been incarcerated, his mother and brother have died and his brother's son was recently murdered; the BOP failed for a period of time to provide him with proper medication for his kidney condition, leaving him with a condition that requires continued treatment, which he is currently receiving; he presumably has a shorter life expectancy than others his age who do not have his medical conditions; he has experienced a "spiritual change" as a result of undergoing open heart surgery and believes he is "reformed"; he is remorseful for his criminal conduct and is able to see the negative effects of his "terrible addiction"; he has a clean disciplinary record in the BOP; he has successfully completed numerous programs offered by the BOP, including college-level courses and paralegal courses; BOP staff would provide him with strong recommendations; and he has support in his home community and a job waiting for him as a personal care assistant.

The government opposes the renewed motion on the ground that the § 3553(a) factors weigh against a reduction in the sentence, specifically, the need to impose just punishment, the need to provide adequate deterrence to criminal conduct, and the need to protect the public against criminal activity by Mr. Carr.  In addition, the government submits that neither Mr. Carr's current medical condition nor his family circumstances provides an extraordinary or compelling reason warranting a reduction in his sentence.

I agree with the government.  Mr. Carr's unusually lengthy criminal record involving drug trafficking, gun violence and threatening is indeed "alarming," as the government correctly states.  In December 2020, I concluded that Mr. Carr's history and characteristics, as shown by the entire record, dictated that he receive a sentence of more than ten years' imprisonment in order to impose just punishment, provide adequate deterrence, and protect public safety.  Four years later, these same § 3553(a) factors weigh heavily against a reduction in his sentence.

Mr. Carr's statements at the hearing on this motion concerning his remorse and change of attitude could be truthful. But they are uncorroborated by statements of disinterested witnesses or a documented history of exceptional conduct within the BOP providing some reasonable assurance that Mr. Carr has

3

indeed changed for the better as he claims.  In the absence of such proof, it is difficult to credit Mr. Carr's statements because he made strikingly similar statements to Judge Covello and Judge Thompson when he appeared before them for sentencing, yet returned to serious criminal activity.  The sincerity of Mr. Carr's statement that he now sees the effect of his "terrible addiction" is also suspect because prior to his offense in this case he completed the BOP's 500-hour residential drug abuse program, and the District of Connecticut Support Court program, and consistently tested negative for drug use while on supervised release.

With regard to Mr. Carr's medical condition, he does not dispute that he fails to qualify for a reduction under the policy statement permitting a reduction in sentence when an inmate's medical condition cannot be properly managed by the inmate and the BOP while the inmate remains in BOP custody.  His argument that he nevertheless qualifies for a reduction because the BOP failed to provide him with medication for his medical condition in the past is unconvincing.  There may be extraordinary cases when BOP's failure to provide proper medical care has consequences for an individual that are sufficiently serious to provide a compelling reason for a sentence reduction even though the inmate's condition is manageable within the BOP for the purposes of the policy statement, for example, failure

4

to properly treat an infection that results in a permanent impairment that significantly affects the inmate's activities or daily living.  As far as the record shows, however, this is not such a case.

Mr. Carr's family circumstances warrant the court's sympathy but they do not provide a legal basis for a reduction in his sentence.  His good behavior while in BOP custody and participation in programs is not extraordinary, at least not on the present record and therefore does not provide a compelling reason warranting a reduction in his sentence.

Mr. Carr's support in the community and opportunity to work as a personal care assistant do not warrant a reduction in his sentence.

Accordingly, after due consideration of the § 3553(a) factors and the reasons proffered by Mr. Carr in support of his renewed motion for a sentence reduction, the renewed motion is hereby denied without prejudice.

So ordered this 21st day of January 2025.

/RNC/
Robert N. Chatigny
United States District Judge